617 A.2d 1320

**ROMEO & SONS, INC., Appellant,**

**v.**

**P.C. YEZBAK & SON, INC.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1992.

Filed Dec. 9, 1992.

334

———

Michael D. Frick, Uniontown, for appellant.

Susan Key, Washington, for appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

TAMILIA, Judge:

Plaintiff Romeo & Sons, Inc., appeals from the January 3, 1992 Order granting defendant's motion for summary judgment and dismissing appellant's complaint alleging breach of contract and breach of warranty.

On August 13, 1979, the parties entered a contract whereby appellee was to build a warehouse/office building for the appellant. The project was completed in July, 1980, and two months later, in September, 1980, appellant alleges it began noticing structural defects in the building's floor, ceiling, gutters and downspouts. The record reflects appellee did attempt to remedy the alleged defects as late as October, 1984, after which time it declined to do so. Consequently, on May 30, 1986, appellant filed suit for alleged breach of implied warranty of suitability for specific purpose, express warranty of quality of workmanship and breach of contract. The court granted appellee's motion for summary judgment without discussion of the factual issues presented, reasoning the suit was barred by the four-year statute of limitations, 42 Pa.C.S. § 5525. This appeal followed.

Appellant argues the court erred by not applying the six-year statute of limitations set forth in 42 Pa.C.S. § 5527, the running of which, appellant contends, was tolled by the doctrines of estoppel and repair. Also, appellant contends the language of the contract which allegedly limited appellee's responsibility for defects to a period of one year is subject to conflicting interpretations thereby presenting a genuine issue of material fact precluding summary judgment.

A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the trial court's conclusion no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989). We will overturn a trial court's entry of summary judgment only if there has been an error of law or an abuse of discretion. *McCain v. Pennbank,* 379 Pa.Super. 313, 549 A.2d 1311 (1988). The application of the appropriate statute of limitations governing an action is a matter of law to be determined by the court. For the reasons set forth infra, we find section 5527 to be the applicable statute of limitations and, therefore, reverse the Order granting summary judgment

in favor of defendant and remand to the trial court for proceedings in accordance with this Opinion.

To date, there has been no Superior Court case which specifically addressed the question of which of the two relevant statutes is applicable to the construction of a home and/or commercial building.[1] Further, the cases relied upon by appellee in support of a four-year time bar, *Luden's Inc. v. Irwin & Leighton, Inc.*, 28 D. & C.3d 565 (1983), and *Francabandera v. Indian Mountain Lake Development Corp.*, 48 D. & C.3d 246 (1988), *affirmed*, 393 Pa.Super. 643, 564 A.2d 1010 (1989), are not controlling. Accordingly, we find this issue to be a matter of first impression to be resolved by this Court.

■■■■ The general stated purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time and to suppress stale or fraudulent claims. The two statute of limitations sections being considered by this Court are set forth in pertinent part below:

### § 5525. Four year limitation

The following actions and proceedings must be commenced within four years:

(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

42 Pa.C.S. § 5525.

### § 5527. Six year limitation

Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.

1. We note a recent Superior Court case, *Amodeo v. Ryan Homes, Inc.*, 407 Pa.Super. 448, 595 A.2d 1232 (1991), wherein it stated the appropriate limitations period for a claim of breach of implied warranty of habitability was four years. However, because the stated claims in *Amodeo* were not the same as those claimed here and the issue of the appropriate statute of limitations was not before the Court, we find the language to be dicta and not binding with regard to the disposition of this appeal.

As amended 1982, Dec. 20, P.L. 1409, No. 326, art. II, § 201, effective in 60 days.

42 Pa.C.S. § 5527.[2] We find the very language of section 5525 referring to contracts for the "sale, construction or furnishing of tangible personal property" precludes its applicability to the matter before us wherein the warehouse/office building being constructed was, by definition, real estate. See *West's Legal Thesaurus/Dictionary*, 1985. (Real estate is defined as land and anything permanently affixed to the land.) Moreover, beginning almost twenty years ago, this Court distinguished contracts for the construction of homes and/or commercial structures from contracts for the sale of goods, finding the former to be governed by the six-year statute of limitations and the latter, which is governed by the Uniform Commercial Code, to be subject to the four-year statute of limitations. *See DeMatteo v. White*, 233 Pa.Super. 339, 336 A.2d 355 (1975).

Acknowledging the identification of structural defects in a seasonable fashion is oftentimes difficult, the Superior Court continued this course embracing a more realistic and reasonable time bar statute when five years later it again ruled the six-year statute of limitations applicable to a case factually similar to the case before us. *See A.J. Aberman, Inc. v. Funk Building Corp.*, 278 Pa.Super. 385, 420 A.2d 594 (1980). In

**2.** The six-year statute of limitations section 5527(2) cited and relied upon by appellant, which specifically addressed "[a]n action upon a contract", was deleted by the 1982 amendment which condensed section 5527 into the one-paragraph "catch-all" section set forth above. Because plaintiff/appellant did not file suit until 1986, after appellee ceased its attempts to correct the alleged defects, the 1982 statute, as amended, is the applicable law.

For reference purposes, the relevant sections of section 5527 prior to its 1982 amendment stated:

The following actions and proceedings must be commenced within six years:

.    .    .    .    .

(2) An action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing, except an action subject to another limitation specified in this subchapter....

.    .    .    .    .

(6) Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation).

*Aberman* the defendant/contractor had repeatedly attempted to repair the leaking roof of the shopping center it had constructed for the plaintiff. However, after two years defendant refused to make further repairs, relying on the clause of the contract limiting its liability to one year from date of completion, and plaintiff was forced to engage a roofing company to make the needed repairs, culminating in the installation of a new roof when a latent defect was discovered. Although plaintiff did not recover, its affirmative defense of estoppel/repair doctrine having been rejected, the court did apply the six-year statute of limitations in rendering its decision. Although the application of the six-year statute of limitations is arguably dicta (*see* footnote 1), the Superior Court has continued its movement toward the uniform application of a six-year statute of limitations relating to construction contracts and contracts in general. (*See Ragnar Benson Inc. v. Bethel Mart Assoc.*, 308 Pa.Super. 405, 454 A.2d 599 (1982). (In an action for a breach of a shopping center construction contract, the court found the matter was governed by the six-year statute of limitations, 42 Pa.C.S. § 5527(2).)[3] *Cf. Murray v. University of PA Hospital*, 340 Pa.Super. 401, 490 A.2d 839 (1985). (Plaintiff/patient's suit against doctor and hospital for damages arising out of an express warranty given in connection with a tubal ligation (breach of contract) was controlled by the six-year statute of limitations.)

In the interest of fair play and in light of the expected long-term life span of a house and/or commercial structure and the builder's attendant ethical and legal responsibilities to its customer, we find the purchaser and his investment must be afforded the six years of protection provided by section 5527. To find otherwise would be grossly unfair to the buyer, who routinely expends large sums of money in the hope of securing a structurally and financially sound investment. Therefore, we find the statute of limitations applicable to the construction contract controversy with which we are faced is section 5527. Accordingly, the court erred by entering sum-

**3.** See footnote 2.

mary judgment in favor of appellee.[4] Having so ruled, we find the issue of contract language ambiguity is not properly before this Court but rather is a matter which may be considered upon remand to the trial court.

Order reversed and case remanded to the trial court for proceedings in accordance with this Opinion.

Jurisdiction relinquished.

4. Furthermore, after considering appellant's repair doctrine/estoppel tolling arguments, although arguably waived by appellant's failure to raise them as affirmative defenses, we find even if the four-year statute of limitations was the applicable statute, the repairs made by appellee as late as 1984 had effectively tolled the statute of limitations and the suit filed two years later, in 1986, was not time barred. *See A.J. Aberman Inc. v. Funk Building Corp.*, 278 Pa.Super. 385, 420 A.2d 594 (1980).