652 A.2d 830

**ROMEO & SONS, INC., Appellee,**

**v.**

**P.C. YEZBAK & SON, INC., Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 21, 1994.

Decided Jan. 20, 1995.

because the action challenged here was taken by ACGME rather than by the board.

Dennis G. Fritsch, Judith L. Cohen, Phillips, Faldowski & McCloskey, P.C., for appellant.

Michael D. Frick, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## *OPINION*

MONTEMURO, Justice.

This case raises the issue of which statute of limitations should be applied to a written contract for the construction of a commercial building. The Superior Court, although correctly applying a six-year limitation period, erroneously concluded that 42 Pa.C.S. § 5527 (1982) controls this scenario.[1] Rather,

---

1. "Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the applica-

42 Pa.C.S. § 5527(2) (1980), before its amendment in 1982, governs the instant claim.[2]

On August 13, 1979, appellant, P.C. Yezbak & Son, Inc. ("Yezbak"), entered into a written contract to construct a warehouse/office building for appellee, Romeo & Sons, Inc. ("Romeo"). The construction of the building was completed in July 1980. Subsequently, in September 1980, Romeo noticed structural defects in the building's floor, gutters, and downspouts. (R. 8a, 96a–152a, 442a). Romeo reported these alleged defects to Yezbak, who attempted repairs. Yezbak ceased repair efforts in October 1984.

On May 30, 1986, Romeo filed a complaint against Yezbak alleging negligence, breach of express and implied warranties, and breach of contract. The trial court granted Yezbak's motion for summary judgment, concluding that the current, four-year statute of limitations was applicable to claims involving latent construction defects. 42 Pa.C.S. § 5525 (1982) (amending 42 Pa.C.S. § 5525 (1980)).[3] The Superior Court

tion of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years." 42 Pa.C.S. § 5527 (1982).

2. The following actions and proceedings must be commenced within six years:

(1) An action upon a judgment or decree of any court of the United States or of any state.

(2) *An action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing, except an action subject to another limitation specified in this subchapter.* Where an instrument is payable upon demand, the time within which an action or proceeding on it must be commenced shall be computed from the later of either demand or any payment of principal or of interest on the instrument.

(3) An action upon any official bond.

(4) A proceeding in inverse condemnation, if property has been injured but no part thereof has been taken, or if the condemnor has made payment in accordance with section 407(a) or (b) (relating to possession and payment of compensation) of the act of June 22, 1964 (Sp.Sess., P.L. 84 No. 6), known as the "Eminent Domain Code."

(5) An action to set aside a judicial sale of property.

(6) Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation). 42 Pa.C.S. § 5527 (1980) (emphasis added) (amended 1982).

3. In 1980, Section 5525 read as follows:

reversed and remanded, concluding that a six-year statute of limitations controlled this case and all construction contract scenarios. 42 Pa.C.S. § 5527 (1982) (amending 42 Pa.C.S. § 5527 (1980)); *Romeo & Sons, Inc. v. P.C. Yezbak & Son, Inc.*, 421 Pa.Super. 333, 617 A.2d 1320 (1992). For the reasons that follow, we affirm the Superior Court's conclusion that Romeo's complaint is not barred by the statute of limitations, but write to clarify the court's application of 42 Pa.C.S. § 5527 (1982) to the instant facts.

▋ Yezbak, Romeo, and the courts below proceeded under the erroneous assumption that the current version of either section 5525 or section 5527, both of which were amended in 1982, governs this case.[4] However, "in an action for breach of contract the statute of limitations begins to run from the time of the breach." *A.J. Aberman, Inc. v. Funk Bldg. Corp.*, 278 Pa.Super. 385, 395, 420 A.2d 594, 599 (1980); *In re*

The following actions and proceedings must be commenced within four years:

(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

(2) Any action subject to 13 Pa.C.S. § 2725 (relating to statute of limitations in contracts for sale).

(3) An action upon an express contract not founded upon an instrument in writing.

(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5525 (1980).

The 1982 amendment to section 5525 added the following four subsections to the 1980 version:

(5) An action upon a judgment or decree of any court of the United States or of any state.

(6) An action upon any official bond of a public official, officer or employee.

(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5525(5)–(8) (1982).

4. *See supra* notes 3 and 1, respectively.

*Dixon's Estate,* 426 Pa. 561, 562–563, 233 A.2d 242, 244 (1967). Furthermore, "in the case of a latent defect in construction, the statute of limitations will not start to run until the injured party becomes aware, or by the exercise of reasonable diligence should have become aware, of the defect." *A.J. Aberman,* 278 Pa.Super. at 395, 420 A.2d at 599.

█ In this case, Romeo alleges it first became aware of structural defects in the warehouse/office building in September 1980. (R. 8a, 96a–152a, 442a); *Brief of Appellant* at 4, 9. The limitations period applicable to causes of action based on construction contracts accruing in 1980 was codified at 42 Pa.C.S. § 5527(2):

> The following actions and proceedings must be commenced within six years . . .
>
> (2) An action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing, except an action subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5527(2) (1980) (amended 1982); *Ragnar Benson, Inc. v. Bethel Mart Assoc.,* 308 Pa.Super. 405, 414, 454 A.2d 599, 603 (1982). None of the other limitations specified in this subchapter are applicable, as they relate specifically to court decrees and judgments, official bonds, inverse condemnation, and sales of judicial property.[5] Therefore, because the instant action accrued in September 1980, it was timely filed on May 30, 1986.

We note the Superior Court, in analyzing this case under the *current* statutory scheme, concluded that section 5527, as amended in 1982, provides the appropriate period of limitation for written construction contract scenarios.[6] The court reasoned as follows:

> In the interest of fair play and in light of the expected long-term life span of a house and/or commercial structure and

---

5. *See supra* note 2. Subsection (6) is a catch-all section for civil actions and proceedings not falling within a specific limitation and is similarly not applicable.

6. *See supra* note 1.

the builder's attendant ethical and legal responsibilities to its customer, we find the purchaser and his investment must be afforded the six years of protection provided by section 5527. To find otherwise would be grossly unfair to the buyer, who routinely expends large sums of money in the hope of securing a structurally and financially sound investment. Therefore, we find the statute of limitations applicable to the construction contract controversy with which we are faced is section 5527, **Six year limitation.**

*Romeo*, 421 Pa.Super. at 338–339, 617 A.2d at 1323 (1992) (emphasis in original). Because the facts of this case do not implicate the current statutory scheme for limitations of actions, we express no opinion regarding the wisdom of the Superior Court's conclusion.

Accordingly, we affirm the result of the Superior Court, and hold that Romeo's complaint against Yezbak was filed within the six-year limitation period provided by 42 Pa.C.S. § 5525(2) (1980).

MONTEMURO, J., is sitting by designation.