# Gustine Uniontown Associates Ltd. v. Anthony Crane Rental Inc.

234

C.P. of Allegheny County, no. GD99-12166.

*Edward B. Gentilcore,* for plaintiff.

*Dolores Innamorato* and *John K. Lind,* for defendant Anthony Crane Rental L.P.

*Robert J. Ray,* for defendant Architectural Services Group Inc.

*Ralph A. Finizio,* for defendant Construction Engineering Consultants Inc.

*Franklin L. Bialon* and *Gary Butler,* for defendant GeoMechanics Inc.

*Joseph J. Bosick,* for defendants Jabille Development Corp., S&R Restaurants Inc. and Wendy's of Greater Pittsburgh Inc.

*Robert J. Blumling,* for defendant Mascaro Inc.

*Stephen P. McClosky,* for defendant McMillen Engineering.

*William D. Clifford,* for defendant P.C. Yezbak & Son Inc.

*Jeffrey A. Ramaley,* for defendants Penn Transportation Services Inc. and Anthony Crane Rental Inc.

*Ray F. Middleman* and *Michael J. McShea,* for defendant Ruprecht, Schroeder & Hoffman, Architects.

*Kevin J. McKeon,* for Thor Concrete Construction Inc.

BSW Architects, pro se.

WETTICK JR., *J.*, July 18, 2000—Defendants' preliminary objections raising statute of limitations defenses based on the limitations provisions for civil actions of the Judicial Code (42 Pa.C.S. §§5521-5538) are the subject of this opinion and order of court.[1] The issue raised through these preliminary objections is whether December 20, 1982 amendments to the limitation provisions of the Judicial Code reduced the limitation period for claims for the breach of a written contract governing the construction of real estate from six years to four years. There is not any appellate court case law that has resolved this issue.

I recognize that the Rules of Civil Procedure provide for the defense of the statute of limitations to be raised in an answer as new matter. These statute of limitations defenses are being considered at this stage of the proceedings at the suggestion of the parties because the availability of the discovery rule will be a significant factual issue in this litigation if I do not accept plaintiff's position that its claims are governed by a six-year limitation period.[2]

This lawsuit arises out of the development of a shopping center on an area of land of approximately 29 acres. The shopping center includes a Wal-Mart store, a Foodland store, a Family Toy Warehouse store, a Revco store, and miscellaneous retail stores in areas designated

---

1. Other preliminary objections are considered in a separate memorandum and order of court.

2. As to certain defendants, plaintiff also contends that the statute of limitations was tolled by the repair doctrine described in *Amodeo v. Ryan Homes Inc.,* 407 Pa. Super. 448, 595 A.2d 1232 (1991).

as shops A, B, and C. Plaintiff is the developer/owner. The work was substantially completed in September 1993. In 1995, plaintiff became aware of movement and/ or heaving of a floor slab in certain locations of the Wal- Mart building. In late 1995 and 1996, movement and/or heaving was discovered in other buildings. By early 1998, movement and/or heaving had occurred in floor slabs of all buildings, sidewalks, and parking lots.

Plaintiff commenced this lawsuit on July 30, 1999 by filing a praecipe for a writ of summons. A complaint was filed on January 27, 2000 which includes claims against numerous entities involved in the design and construction of this shopping center. Most of the entities had contracts with plaintiff. Plaintiff's complaint raises the following causes of action: breach of contract; breach of implied warranties; breach of the duties of good faith and fair dealings; misrepresentation/concealment; and professional negligence.

It is plaintiff's position that each cause of action is governed by a six-year limitation period. Consequently, since the work was not substantially completed until September 1993, plaintiff's claims are not barred by any statute of limitations. Thus, discovery in this lawsuit need not involve what plaintiff knew or should have known prior to July 30, 1995 or prior to July 30, 1997 or evidence relevant to the tolling of the statute of limitations under the repair doctrine.

This litigation is governed by the statute of limitations periods established in the December 20, 1982 amendments to the Judicial Code. The six-year limitation period is set forth at section 5527; it reads as follows:

"Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years."

Defendants' argument that this provision does not apply is very straightforward: Under the clear language of section 5527, this six-year limitation period covers only civil actions or proceedings that are not subject to another limitation period.

Plaintiff's breach of contract claims are based on written agreements so these claims come within the plain meaning of 42 Pa.C.S. section 5525(8) which reads as follows:

"The following actions and proceedings must be commenced within four years: . . .

"(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except in actions subject to another limitation specified in this subchapter."

Plaintiff's warranty claims are based on warranties implied in law. Consequently, they come within the plain meaning of section 5525(4) which reads as follows:

"The following actions and proceedings must be commenced within four years: . . .

"(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter."

Plaintiff's professional negligence and misrepresentation claims seek to recover damages for injury to real property. Consequently, they come within the plain meaning of section 5524(7) which reads as follows:

"The following actions and proceedings must be commenced within two years: . . .

"(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter."

Plaintiff offers the following response to defendants' argument:

Prior to 1982, construction contracts involving real estate were governed by a six-year limitation period while contracts for the sale, construction, or furnishing of tangible property were governed by a four-year limitation period.[3] Because, historically, construction contracts involving real estate were governed by longer limitation periods, courts should assume that any new legislation governing the statute of limitations for different actions preserves this pattern in the absence of an express reference to construction contracts involving real estate. Thus, the general reference in amended section 5525(8) to an action upon a contract founded upon a writing should not be construed to include a written construction contract involving real estate.

Ordinarily, I would summarily dismiss plaintiff's argument. The language of section 5525(8) could not be clearer: a single limitation period of four years governs actions upon any written contracts unless there is another limitation period specified in the subchapter. Fur-

---

3. Real estate is defined in the law as land and anything permanently affixed to the land.

thermore, construction contracts involving real estate are not esoteric transactions that the legislature might have overlooked. Consequently, since no other subsection refers to written contracts for the construction of real estate, the legislature intended for these contracts to be governed by the four-year limitation period of section 5525.

However, in 1992 the Pennsylvania Superior Court in *Romeo & Sons Inc. v. P.C. Yezbak & Son Inc.,* 421 Pa. Super. 333, 617 A.2d 1320 (1992), ruled that under the 1982 amendments, contracts governing construction of housing and construction of commercial buildings are governed by the six-year limitation period of section 5527.

In *Romeo,* the owner brought an action against the contractor for the breach of contract governing the construction of a warehouse/office building. The suit was brought within six years of the completion of the project but more than four years after the owner became aware of the structural defects. The owner contended that its breach of contract action was governed by the six-year limitation period of section 5527. The contractor, on the other hand, relied on 42 Pa.C.S. §5525(1) which provides that the following actions and proceedings must be commenced within four years:

"(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures."

According to the court's opinion, section 5525(1) and section 5527 were "[t]he two statute of limitations sections being considered by this court." *Id.,* 421 Pa. Super. at 336, 617 A.2d at 1322. The Superior Court concluded

that section 5525(1) did not apply because a lawsuit involving the construction of a house and/or commercial structure is not an action upon a contract for the sale, construction, or furnishing of tangible personal property or fixtures.

The Pennsylvania Supreme Court affirmed the result of the Pennsylvania Superior Court on entirely separate grounds in *Romeo & Sons Inc. v. P.C. Yezbak & Son Inc.,* 539 Pa. 390, 652 A.2d 830 (1995). The court ruled that the 1982 amendments to the Judicial Code did not govern this litigation. The written construction contracts under consideration were governed by the prior version of section 5527(2) which required an "action upon a contract . . . in writing" to be commenced within six years; thus, the Superior Court had reached the right result. The Supreme Court's opinion included the following statement:

"Because the facts of this case do not implicate the current statutory scheme for limitations of actions, we express no opinion regarding the wisdom of the Superior Court's conclusion." *Id.,* 539 Pa. at 395, 652 A.2d at 833.

Unlike the defendants in *Romeo,* defendants in the present case are not contending that this lawsuit is governed by the provisions of 42 Pa.C.S. §5525(1). Instead, they rely on the provisions of the 1982 amendments creating a four-year limitation period set forth at 42 Pa.C.S. §5525(8).

The argument that written contracts involving the construction of real property are governed by section 5525(8) was apparently not considered by the Superior Court in *Romeo & Sons Inc. v. P.C. Yezbak & Son Inc., supra.* For

the reasons that I have discussed, the language of section 5525(8) clearly reaches written contracts for the construction of real estate. See *Packer Society Hill Travel Agency Inc. v. Presbyterian University of Pennsylvania Medical Center,* 430 Pa. Super. 625, 629-30, 635 A.2d 649, 652 (1993), where the court stated that:

"Then, finally, in 1982, the legislature adopted 42 Pa.C.S. §5525(8) and §5527 in their present forms. Now the statute of limitations for all written contracts is four years and the statute of limitations for contracts under seal, irrespective of the provisions of 42 Pa.C.S. §5525, is 20 years. Thus, the statute of limitations applicable to all actions on contracts not under seal is uniform. The period of limitations is four years."

Plaintiff argues that the limitation period governing its tort causes of action should be the limitation period governing its contract causes of action because its tort claims involve breaches of duties that arose out of contractual relationships. There is no case law that supports plaintiff's position.

The Pennsylvania appellate courts have struggled with the issue of when a relationship that is essentially based on a contract should be governed solely by contract law and when tort principles, including tort remedies, should also govern the relationship. The plaintiff who is able to look to tort law to expand the defendant's duties and/or to utilize tort remedies cannot at the same time state that the longer limitation period governing contract actions should apply to the tort claims. If plaintiff is correct that these claims are essentially contract causes of action, only principles of contract law should govern defendants' duties and the remedies available to plaintiff. See *Argust v. Dick Mackey General Contracting Co. Inc.,* 390 Pa. Super. 183, 187, 568 A.2d 255, 257 (1990), where the

court applied the two-year limitation period of section 5524(7) to the tort claims against a contractor that installed a swimming pool.

For these reasons, I enter the following order of court:

## ORDER

On July 18, 2000, upon consideration of defendants' preliminary objections raising statute of limitations defenses, it is hereby ordered that:

(1) the six-year limitation period of 42 Pa.C.S. §5527 does not govern any of plaintiff's causes of action;

(2) plaintiff's actions based on a contract, including a contract implied in law, are governed by a four-year limitations period;

(3) plaintiff's tort actions are governed by the two-year limitation period of 42 Pa.C.S. §5524; and

(4) defendants' requests that I dismiss claims based on the statute of limitations are overruled because at this stage of the proceedings I cannot determine whether the limitations periods were tolled through the discovery rule and/or the repair doctrine.