GRAY, J.,
Before the court are defendants’ preliminary objections to plaintiffs’ reinstated amended complaint. Upon consideration of the argument and briefs submitted by counsel, the court sustains the demurrer as to the expiration of the limitation period for the breach of contract claim but overrules the demurrer as to the limitation period for the claim for specific performance. The court overrules the demurrer as to the failure to state a claim for specific performance. The court sustains the objection to the lack of specificity of the complaint with respect to the averment of time. The following opinion is provided in support of this court’s rulings.
Background
This matter involves the purchase of property which *283 occurred on or about May 28,2008. The deed was executed May 28, 2008 and filed June 2, 2008. With respect to the purchase, plaintiffs contend that there were verbal and written representations prior to the closing that there was public water service available at the property. The written representations appear in the agreement of sale, executed April 21,2008. Plaintiffs further aver that they discovered in 2009 that there was no public water service to the property. Plaintiffs also aver that their neighbors have no desire to sell or convey a right of way or easement to allow public water service to the property.
Plaintiffs commenced the instant action by filing a praecipe for writ of summons on May 29,2013. The sheriff filed a return of no service on June 13, 2013. Plaintiffs filed a complaint on September 19, 2014. Plaintiffs filed an amended complaint on October 6,2014. On November 4, 2014, defendants filed preliminary objections. On December 17,2014, the court sustained the objections with respect to the lack of personal jurisdiction for failure to comply with Pa. R.C.P. 400 for original service of process. On October 6, 2014, defendants reinstated the amended complaint. Original service was made in this matter on December 24,2014 when counsel for defendants accepted service.
The reinstated amended complaint contains two counts. In Count 1, plaintiffs seek damages for breach of contract for the sale of real property for failure of the property to contain public water services as promised. In Count 2 of the complaint, plaintiffs seek specific performance of the agreement of sale, involving real property, to require defendants to pay for installation of a public water system and related costs.
Defendants raise four preliminary objections to the *284 amended complaint. In their first and second objections, defendants assert demurrers to Counts 1 (breach of contract involving real estate) and 2 (specific performance of contract involving real estate) as being barred by the four year statute of limitations which governs contracts. Defendants’ third objection is a demurrer to Count 2 on the grounds that plaintiffs seeks money damages and that money damages is an available and adequate remedy at law. Defendants’ fourth objection is a motion to strike for insufficient specificity of a pleading with respect to averments of time. Plaintiffs fail to specify when in the year 2009 they discovered that there was no public water service to the property.
Plaintiffs seek a judgment against the defendants in an amount to be determined along with attorneys’ fees and interest and seek specific performance of the agreement of sale and require the defendants to pay for the installation of a public water system and all related costs, plus fees and costs.
Legal Standards
Preliminary Objections
A party may file preliminary objections based on the legal sufficiency or insufficiency of a pleading (demurrer) pursuant to Pa. R.C.P. 1028(a)(4). A demurrer tests the legal sufficiency of the complaint. Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 714 (Pa. Super. 2005). When reviewing preliminary objections in the nature of a demurrer, the court must “accept as true all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts.” Thierfelder v. Wolfert, 52 A.3d 1251, 1253 (Pa. 2012), citing, Stilp v. Commonwealth, 940 A.2d 1227, 1232 n.9 (Pa. 2007). In *285 deciding a demurrer “it is essential that the face of the complaint indicate that its claims may not be sustained and that the law will not permit a recovery. If there is any doubt, it should be resolved by the overruling of the demurrer.” Melon Bank, N.A. v. Fabinyi, 650 A.2d 895, 899 (Pa. Super. 1994) (citations omitted). “Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear andfree from doubt.” Bower v. Bower, 611 A.2d 181, 182 (Pa. 1992)(emphasis added).
Statute of Limitations
The Pennsylvania statutes of limitations at issue provide in pertinent part as follows:
Four Years
42 Pa. C.S. § 5525 provides that the following proceedings must be commended within four years: “(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7) [relating to actions on bonds], under seal or otherwise, except an action subject to another limitation specified in this subchapter.”
Five Years
42 Pa. C.S. § 5526 provides that the following proceedings must be commended within five years: “(2) An action for specific performance of a contract for sale of real property or for damages for noncompliance therewith.”
Discussion
The court will discuss the first and second of defendants objections relating to the applicable statute of limitations period. Next, the court will discuss the demurrer to the *286 claim for specific performance. Finally, the court will discuss the objection for the failure to sufficiently aver time.
Statute of Limitations
The primary issue underlying these preliminary objections is whether the claims are governed by the four year statute of limitations that typically apply to written contract claims, under 42 Pa. Cons. Stat. § 5525(8)(“four year period”), or the five year statute of limitations “for specific performance of a contract for sale of real property or for damages for noncompliance therewith” under 42 Pa. Cons. Stat. § 5526(2)(“five year period”). The four year period applies to contract claims “except an action subject to another limitation specified[.]”
In the present case, plaintiffs contend that the action involving a written contract is subject to the five year limitation period and therefore falls within the specific exception to the four year period for contracts. In support of the five year limitation, plaintiffs cite a common pleas court decision by judge Joseph H. Kleinfelter in Murlin v. Murlin, No. 2005 CV 1882 (C.P. Dauphin Sept. 6, 2007). In support of the four year limitation, defendants rely on Joshua Hill, Inc. v. Whitemarsh Twp. Auth. (In re Joshua Hill, Inc.), 199 B.R. 298, 324-325 (Bankr. E.D. Pa. 1996), which relies on Gustine Uniontown Assocs. v. Anthony Crane Rental, Inc., 577 Pa. 14, 842 A.2d 334 (Pa. 2004) and Romeo & Sons Inc. v. R C. Yezbak & Son, Inc., 539 Pa. 390, 652 A.2d 830 (Pa. 1995) for the proposition that the catch-all limitation period does not apply to construction contracts because the contract limitation period applies.
The five year period has been applied to govern claims for damages for noncompliance with a contract for sale of *287 real estate. See, Murlin v. Murlin, No. 2005 CV 1882 (C.P. Dauphin Sept. 6, 2007). In Murlin, the court concluded that the five year period, rather than the four year period, applied to a property settlement agreement that provided for a transfer of real estate in a divorce matter. Under the agreement, the plaintiff executed any and all deeds to transfer her interest in the marital property in 1995. Over six years later, the defendant was required to pay the balance of consideration in the amount of $15,000, which he failed to pay. Id. The court concluded that the five year period applied even though the transfer of title was completed. The court reasoned that the five year period applied because the plaintiff sought damages for noncompliance of an agreement that provided for a transfer of real estate. Finding no case exactly on point, the court believed that the fact pattern was contemplated by the legislature when creating the five year limitation period. The court further noted the following.
Our legislature expressly established that actions upon agreements regarding the transfer of real estate should be subject to a five-year statute of limitations rather than the four-year limitations for actions on contracts generally. Because the application of the more general statute of limitations in this case would deprive plaintiff of her day in court while allowing defendant to simply abandon his contractual obligation, we conclude that the five-year statute of limitations is applicable here. Thus, defendant’s motion for judgment on the pleadings must be denied. Murlin v. Murlin, No. 2005 CV 1882 (C.P. Dauphin Sept. 6,2007) at *5.
By contrast, in In re: Joshua Hill, Inc., supra, the chief bankruptcy judge, David A. Scholl, concluded the four-year statute of limitations, rather than the five year *288 or twenty year period,[1] applied to claims for rescission and restitution, breach of contract and fraudulent and negligent misrepresentation arising out of an agreement of sale involving real estate. In that case, the court rejected the claim that a breach of covenants in the agreement of sale constituted “noncompliance” such that the five year limitation would apply. Id. at 327. Upon reviewing the legislative history, the court interpreted the five year limitation period for non-compliance with an agreement involving real estate as only applying to claim involving title to real estate. The court noted that the historical purpose of the five year limitation period was “to assure greater certainty of title.” In re: Joshua Hill, Inc., 199 B.R. at 327. There does not appear to be any controlling case-law on this issue and neither Murlin, nor In re: Joshua Hill, Inc., is controlling on this court.[2]
This court is persuaded that the five year limitation period applies to claims for specific performance and similar noncompliance issues with respect to the sale of real estate even when title is not at issue. Significantly, In re: Joshua Hill, Inc., supra did not involve any claim for specific performance, it only dealt with whether *289 breach of covenants in the agreement of sale constituted “noncompliance.” Id. Moreover, the word title is not present in the statue itself. In the present case, Count 2 of plaintiffs’ complaint seeks for specific performance for public water service at the property and Count 1 is for noncompliance of that promise for which the plaintiffs are seeking specific performance. The claims for relief in both counts are so intertwined that they cannot be separated. Therefore, the court believes the claim for specific performance and noncompliance thereto is governed by the five year limitation period.
Specific Performance — Failure to State a Claim
Defendants’ third demurrer is to Count 2 on the grounds that plaintiffs’ claim for specific performance fails to state a claim upon which relief may be granted. Specifically, defendants contend that an adequate remedy at law exists in money damages and that support for the adequate remedy at law is the fact that plaintiffs seek money from defendants to install a public water system. Our Pennsylvania Supreme Court has outlined the basic principles underlying claims for specific performance as follows.
A decree of specific performance is a matter of grace and not of right. Mrahunec v. Fausti, 385 Pa. 64, 121 A.2d 878 (1956). Specific performance should only be granted where the facts clearly establish the plaintiff’s right thereto, where no adequate remedy at law exists, and where justice requires it. Roth v. Hartl, 365 Pa. 428, 75 A.2d 583 (1970); Hilton v. State Employment Retirement Board, 23 Pa.Cmwlth. 639, 353 A.2d 883 (1976).
An action for damages is an inadequate remedy when *290 there is no method by which the amount of damages can be accurately computed or ascertained. Strank v. Mercy Hospital of Johnstown, 383 Pa. 54, 117 A.2d 697 (1955); H. Daroff & Sons, Inc. v. Vitullo, 350 Pa. 501, 39 A.2d 595 (1944). * * *
Moreover, a court of equity will not invoke its jurisdiction where there is an adequate remedy at law and statutory remedies, if adequate, must be exhausted before equitable jurisdiction may be resorted to. See, DeLuca v. Buckeye Coal Co., 463 Pa. 513, 345 A.2d 637 (1975); Pennsylvania Life Insurance Co. v. Pennsylvania National Life Insurance Co., 417 Pa. 168, 208 A.2d 780 (1965). See also, Delaware Valley Convalescent Center, Inc. v. Beal, 488 Pa. 292, 412 A.2d 514 (1980). Clark v. Pa. State Police, 496 Pa. 310, 313, 436 A.2d 1383, 1385 (Pa. 1981)
Specific performance has traditionally been available for enforcement of unique contracts, particularly involving land. See, Petry v. Tanglwood Lakes, Inc., 514 Pa. 51, 522 A.2d 1053 (Pa. 1987), citing, Payne v. Clark, 409 Pa. 557, 187 A.2d 769(1963).
At this stage of the proceedings, the court believes that plaintiffs have alleged facts sufficient for a claim for specific performance where the uniqueness of the sale of land and access to a public water system is at stake. Plaintiffs, buyers, alleged that prior to closing on the property the defendants verbally and in writing represented that there was public water service available at the property. However, no public water service exists at the property. Plaintiffs allege that money damages cannot return the property to the condition it was promised at purchase. Plaintiffs seek specific performance of the *291 agreement of sale to require the defendants pay for the installation of a public water system and all related costs. Plaintiffs do not seek a sum certain. As such, the court believes plaintiffs have sufficiently alleged a claim for specific performance.
Failure to Sufficiently Aver Time.
Defendants object to the complaint under Pa. R.C.P. 1028 (s)(2) for failing to specify an averment of time as required by Pa. R.C.P. 1019(f). Specifically, defendants object that plaintiffs fail to state when in 2009 that the plaintiffs discovered that there is no public water service available at the property. At argument, there was discussion as to discovery on the issue. However, in their brief, plaintiffs state that the discovery was in December 2009. The court believes that plaintiffs are required to aver more precisely when in 2009 they made the discovery so that defendants can plead the expiration of the five year statute of limitations period if it is applicable.
Accordingly, the court enters the following order.
ORDER
And now, this 10th day of April, 2015, following oral argument on defendants’ preliminary objections, for the reasons provided above, it is ordered and directed as follows.
1. Defendant’s demurrer to the breach of contract claim and specific performance claim as barred by the four-year statute of limitations is overruled. This is without prejudice to a claim based upon the five-year limitation period that may be raised depending upon a more specific averment of time in the complaint as explained in ¶ 2 below.
*292 2. Defendants’ objection based upon the lack of specificity of the complaint is sustained. On or before April 30, 2015, plaintiffs shall file an amended complaint providing a more specific averment as to the time of the discovery.
3. On this date, the court will issue a separate order placing this matter on this court’s January 2016 trial term.

. The court rejected the application of the twenty year limitation period for contracts under seal, 42 Pa. Cons. Stat. § 5529(b)(1), because there was no evidence that the party that had not affixed the seal had any intent to adopt and be bound by the seal affixed by the other party. There is no claim in the present case that the matter is governed by the twenty year limitation period.

. While In re: Joshua Hill, Inc., cites the Pennsylvania Supreme Court decisions of Gustine, supra, and Romeo supra, neither of those cases involved application of 42 Pa. Cons. Stat. § 5526, which is at issue in the present case. In both of those cases, the Pennsylvania Supreme Court applied the limitation period for written contracts as opposed to the “catch-all” limitation period. But plaintiffs do not contend that the “catch-all” limitation applies to the present case. It should be noted that the length of the limitation periods has changed since the contracts at issue in the previous cases were executed. Therefore, this court identifies the periods as the contracts period and the “catch-all” period.