J-A01034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VILLAS AT PACKER PARK CONDOMINIUM ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | No. 827 EDA 2018 |
| JPC GROUP, INC., JPG GENERAL CONTRACTORS,  LENICK CONSTRUCTION, INC. D/B/A LENICK CARPENTERS III, INC., DEL SERVICES, MID ATLANTIC MECHANICAL,  CIMORELLI CONSTRUCTION A/K/A CIMORELLI CONSTRUCTION & FENCE. CO., DALE CORPORATION, DJM CONSTRUCTION A/K/A  DJM CONSTRUCTION CO., INC., CRINITI CONSTRUCTION, INC., G.L. WOLFGANG  CONSTRUCTION COMPANY, HANCOCK BUILDING ASSOCIATES, INC., UNION ROOFING, INC., VOEGELE MECHANICAL, INC., LPI MECHANICAL, LLC, AND PROBUILD EAST, LLC, | : | |

Appeal from the Order Entered April 7, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  03103 February Term, 2013

BEFORE:  OTT, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 14, 2019**

In this appeal, Villas at Packer Park Condominium Association ("Villas") maintains that the trial court improperly applied the gist of the action doctrine and erroneously concluded that the statute of limitations barred its contract and warranty claims. We affirm.

The trial court aptly summarized the facts and procedural history of this case as follows:

Villas is a condominium development consisting of 23 multifamily building with four units in each building. Lenick Construction, Inc. ("Lenick") was hired by the general contractor, Westrum Urban Construction, LLC ("Westrum"), to install windows and French doors at the Villas in or about May 1, 2006. In 2006, Villas unit owners began to complain of water infiltrating their individual units. Specifically, on November 21, 2006, homeowners wrote to Westrum representatives, including the superintendent, project manager, and vice president of operations and complained as follows:

> It has been two weeks since the consultant looked at our French doors, and nearly a week since we e-mailed you to let you know that the door continued to leak after the new strip was installed.

> I was just going through my files and this will be the ninth e-mail I have sent you about the French doors since October 28. We first made you aware of the problem last summer.

Westrum investigated the complaints and informed the unit owners that upgraded doors were to be provided to eight homeowners. In September 2009, Westrum once again began receiving complaints of leaking roofs and sliding glass doors from homeowners. On September 15, 2009, counsel on behalf of two homeowners forwarded a letter to Westrum concerning the leaks, Westrum's responsibility for defects concerning the construction and suggesting that Westrum investigate the construction and design defects.

On February 28, 2013, Villas filed a complaint against Westrum Park Place L.P., Westrum Urban G.P., LLC, Westrum Construction LLC, John Westrum and John O. Mershon ("Westrum") alleging deficiencies in the construction of the Villas' development. On September 16, 2013, Westrum filed a writ to join Lenick and other subcontractors as additional defendants. The joinder complaint was filed on October 7, 2013 and amended on November 25, 2013, December 9, 2013 and January 14, 2014. Westrum's

joinder complaints alleged that Lenick and the other subcontractors breached their contracts with Westrum, breached the express and implied warranties within the contract and owed Westrum contractual and common law indemnity and contribution.

From June 24, 2014 to August 30, 2014, the action was stayed by joint request of all the parties. During this period, Villas entered into a settlement agreement with the Westrum defendants wherein Westrum assigned its claims against Lenick to the Villas. On December 4, 2015, Villas amended the complaint as an assignee of Westrum and alleged claims for breach of contract, breach of implied warranty of workmanship, negligence and contribution and indemnity against Lenick.

In September 2016, Lenick filed a partial motion for judgment on the pleadings and a partial motion for summary judgment. On February 7, 2017, the court granted the partial motion for judgment on the pleadings and dismissed the claim for negligence. Additionally, the court denied Lenick's motion for summary judgment finding that Villas' claims for breach of contract and breach of implied duty of workmanship as an assignee of Westrum were timely filed. Lenick filed a motion for reconsideration of the order denying the motion for summary judgment. Upon review of the motion for reconsideration, the court vacated its February 7, 2017 order in part denying the partial motion for summary judgment based on the issue of statute of limitations and ordered oral argument. . . After oral argument and a review of the papers and record, the court on April 7, 2017, granted Lenick's motion for partial summary judgment and dismissed the claims for breach of contract and breach of the implied warranty of workmanship as barred by the statute of limitations.

Trial Court Pa.R.A.P. 1925(a) Opinion ("TCO"), filed June 29, 2018, at 1-3

(footnotes omitted). This timely appeal followed.

Villas presents the following issues for our review:

I.      Did the trial court commit an error of law in granting Lenick['s] Motion for Judgment on the Pleadings where neither the gist of the action doctrine nor the economic loss doctrine barred [Villas] negligence claims?

- 3 -

II. Did the trial court commit an error of law when it ruled that the statute of limitations on the first party defendants' joinder claims began to run before plaintiff initiated its original action and, therefore, before the first party defendant suffered a harm?

III. Did the trial court commit an error of law or abuse its discretion in ruling that there were no material facts in dispute and that evidence was clear and free from doubt as to when the statute of limitations on the third party joinder claims began to run?

IV. Did the trial court err in granting summary judgment on a deficient evidentiary record based on unauthenticated emails, letters, and inadmissible hearsay evidence?

Villas' Br. at 8-9 (suggested answered omitted).

First, Villas maintains that the trial court erred in granting Lenick's motion for partial judgment on the pleadings and challenges the trial court's application of the gist of the action doctrine.

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.

> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Sw. Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 185 (Pa.Super. 2013) (quoting *Coleman v. Duane Morris, LLP*, 58 A.3d 833, 836 (Pa.Super. 2012)).

Villas maintains that the trial court erred in finding its contract and negligence claims were barred by the gist of the action doctrine because: (1) there is no contract between Villas and Lenick; (2) "a claim in negligence can lie in the negligent performance of a construction contract"; and (3) "there is an issue of public policy." Villas' Br. at 24.

The gist of the action doctrine provides that:

[A]n alleged tort claim against a party to a contract, based on the party's actions undertaken in the course of carrying out a contractual agreement, is barred when the gist or gravamen of the cause of action stated in the complaint although sounding in tort, is, in actuality, a claim against the party for breach of its contractual obligations.

*Bruno v. Erie Ins. Co.*, 106 A.3d 48, 53 (Pa. 2014).

"[T]he *nature* of the duty breached, as alleged in the plaintiff's pleadings, is determinative of the gist of the action." *Id.* at 63 (emphasis in original). If the allegations of the complaint "substantially constitute assertions of a defendant's complete failure to perform duties originating from a contract – a nonfeasance – the plaintiff's action will be deemed to be breach of contract." *Id.* However, an action sounds in tort "if the allegations

substantially concern the defendant's negligent breach of a duty which exists independently and regardless of the contract – a misfeasance." *Id.*

Here, the trial court concluded that the gist of Villas' claim against Lenick was for breach of contract. Specifically, it opined:

> Here, Villas' claim for negligence as an assignee of Westrum against Lenick arises from the contract between Westrum and Lenick. The duties allegedly breached, "performing their work on the Project and in furnishing, supplying, and installing materials to the Project," are duties grounded in the contract between Westrum and Lenick and the success of the claim squarely depended on the contract. As such, Villas' claim for negligence based on the gist of the action doctrine. Additionally, in the Third Amended complaint, Villas also alleged a negligence claim on its own behalf against Lenick. The trial court also properly dismissed this claim since the duty owed by Lenick was a contractual duty owed to Westrum. Contrary to Villas['] argument, the duty was not societal but contractual. Since no contract existed between Villas, on its own behalf, and Lenick[,] the claim for negligence was also barred by the gist of the action doctrine.

TCO at 7 (quoting Villas' Third Amended Complaint, ¶ 97).

We agree with the trial court's analysis. Villas claimed Lenick was negligent based on Lenick's performance of duties Lenick assumed in contract. The fact that there was no contract between Villas and Lenick does not change the analysis, because Villas is the assignee of Westrum. Villas' public policy argument likewise carries no weight, as it runs counter to our Supreme Court's decision in *Bruno*, which set forth the "basis of the duty" test that we apply here.

Villas' argument that it is entitled to assert its negligence claim against Lenick is based on a substantial overreading of *Bruno*. There, the Supreme

Court considered whether insureds could maintain a negligence action against their homeowner's insurer for the alleged actions of the insurer's agents, an engineer and an adjuster, in allegedly giving bad advice about mold exposure. ***Bruno***, 106 A.3d at 70-71. The Court concluded that such a claim was permissible. It explained that the insurer's duties under the contract did not include giving proper advice, such that the negligence claim was proper. ***Id.*** at 71.

Thus, under ***Bruno***, a defendant's having assumed duties in a contract does not necessarily require dismissal of every negligence claim that a party having rights under that contract asserts against that defendant. However, it does where, as here, the negligence claim is based on the defendant's duties under the contract. The trial court did not abuse its discretion in applying the gist of the action doctrine to grant the motion for partial judgment on the pleadings.

In its second issue, Villas argues that the trial court erred in concluding that the statute of limitations "began to run for these claims when Westrum, not the Villas, knew or should have known that it was **injured** since Lenick was in contractual privity with Westrum not with Villas." Villas' Br. at 26-27 (emphasis in original) (citing to TCO at 5). It maintains that because of this incorrect determination, the court erred in concluding that the claim was barred by the statute of limitations. ***Id.*** at 26.

The statute of limitations for a claim of breach of contract and implied duty of workmanship is four years. *See* 42 Pa.C.S.A. § 5525(a). The statute of limitations begins to run when the plaintiff knew or should have known of the breach. *See Romeo & Sons, Inc. v. P.C. Yezbak & Son, Inc,*. 652 A.2d 830, 832 (Pa. 1995).

Here, the trial court concluded that "[t]he clock for statute of limitations purposes began to run for these claims when Westrum, not Villas, knew or should have known that it was injured since Lenick was in contractual privity with Westrum and not with Villas." TCO at 5. It concluded that it became aware that Westrum was injured on September 11, 2009. *Id.* at 6. It based its conclusion on the following:

> The record shows that Westrum became aware of the water infiltration issues on September 11, 2009, the date the Villas community manager informed Westrum representatives that the homeowners were experiencing leaks from roofs and sliding glass doors. The Westrum defendants acknowledged receipt of the notice by responding to the email and asking Villas to provide a more detailed investigation. The email placed Westrum on inquiry notice that leaks existed. Thereafter on September 15, 2009, Villas sent a letter to Westrum following up the initial notice of leaks. On September 11, 2009, Westrum had within its possession sufficient information to put it on notice that it was harmed and to investigate the cause of this harm.

TCO at 5-6.

We agree with the trial court that the statute of limitations began to run when Westrum, not Villas, became aware of the defect, since Levick had a contractual obligation to Westrum, not Villas. The four-year period to file suit ended on September 11, 2013. Therefore, "[s]ince Westrum filed its to join

Lenick on September 16, 2013", Villas claims were barred by the statute of limitations. TCO at 6. No relief is due.

For its last issue, related to the above claim, Villas argues that the trial court's determination of when the statute of limitations started to run is flawed because it was based on inadmissible hearsay in the form of the letters and emails. *See* Villas' Br. at 34. It maintains that "a motion for summary judgment cannot be supported or defeated by statements that include inadmissible hearsay evidence." *Id.* at 34 n.4 (quoting ***Botkin v. Metropolitan Life Ins. Co.***, 907 A.2d 641, 649 (Pa.Super. 2006)). We agree with the trial court that the emails and letters are admissible as business records. *See* TCO at 5 n.15; *see also **Bank of Am., N.A. v. Gibson***, 102 A.3d 462, 467 (Pa. Super. 2014) (concluding affidavit that referenced loan history documents was not hearsay and court did not err in considering it when granting a motion for summary judgment); Pa.R.E. 803(6). The trial court did not abuse its discretion in relying on the emails and letters.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/14/19