635 A.2d 649

PACKER SOCIETY HILL TRAVEL AGENCY, INC., Appellee,

v.

PRESBYTERIAN UNIVERSITY OF PENNSYLVANIA
MEDICAL CENTER a/k/a Presbyterian Medical
Center of Philadelphia, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 13, 1993.

Filed Dec. 28, 1993.

Jonathan B. Sprague, Philadelphia, for appellant.

Warren L. Soffian, Philadelphia, for appellee.

Before WIEAND, CIRILLO and HESTER, JJ.

WIEAND, Judge.

Is an action on a written contract not under seal subject to a four year statute of limitations or a six year statute of limitations? The trial court held that the applicable period of limitation was six years and denied a defense motion for judgment on the pleadings based upon a four year period of limitations. The Superior Court allowed an interlocutory appeal under Pa.R.A.P. 1311 to review the trial court's ruling before the parties incurred the time and expense of trial.

The present action was commenced on November 22, 1991, by Packer Society Hill Travel Agency (Packer) against Presbyterian–University of Pennsylvania Medical Center (Presbyterian). The action was based on an alleged breach of a written travel agreement executed by the parties on April 10, 1985. Pursuant to the terms of the agreement, according to the complaint, Packer was to provide travel services for employees of Presbyterian for a period of two years from March 1, 1985, to March 1, 1987. As a part of the same agreement, Packer allegedly agreed to install in Presbyterian's medical center certain computer equipment necessary to provide the travel services contemplated by the parties' agreement. As consideration, Presbyterian allegedly agreed to pay

Packer a credit of 1% of the gross sales made as well as the value of the computer equipment installed.[1] Presbyterian initially made periodic payments to Packer based upon invoiced travel sales but not, according to Packer, in correct amounts. After January 13, 1986, however, Presbyterian stopped making any payments. A demand for payment failed to produce results. It was not until November 22, 1991, however, that Packer filed the present action to recover (1) a balance of $4,199.85 owed for travel services, and (2) the costs of installing the computer equipment. Presbyterian filed an answer containing new matter in which it asserted, inter alia, that Packer's action was barred by the applicable four year statute of limitations. Thereafter, relying on the four year statute of limitations contained in 42 Pa.C.S. § 5525(8), Presbyterian filed a motion for judgment on the pleadings. The court denied the motion, holding that the applicable statute of limitations was that appearing in 42 Pa.C.S. § 5527.

The application of the statute of limitations to an alleged cause of action is a matter of law to be determined by the court. *Romeo & Sons, Inc. v. P.C. Yezbak & Son, Inc.,* 421 Pa.Super. 333, 335, 617 A.2d 1320, 1322 (1992). Neither the research of the parties nor the independent research conducted by this Court, however, has disclosed an appellate court decision which has specifically considered the issue now before us. The issue, therefore, is one of first impression.

The statute of limitations at 42 Pa.C.S. § 5525 provides in pertinent part as follows:

§ 5525. **Four year limitation**

The following actions and proceedings must be commenced within four years:

. . . .

(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7) [relat-

---

1. These averments of the complaint are in contrast to the provisions of the agreement, which suggest that Packer, not Presbyterian, is to pay the 1% sales credit and assume the cost of installing the computer equipment.

ing to actions upon negotiable or nonnegotiable bonds, notes or other similar instruments in writing], under seal or otherwise, except an action subject to another limitation specified in this subchapter.

Added 1982, Dec. 20, P.L. 1409, No. 326, art. II, § 201, effective in 60 days.

The section relied upon by Packer appears at 42 Pa.C.S. § 5527 as follows:

### § 5527. Six year limitation

Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.

As amended 1982, Dec. 20, P.L. 1409, No. 326, art. II, § 201, effective in 60 days.

Packer argues that the words "or otherwise" in 42 Pa.C.S. § 5525(8) should be interpreted to mean that for the four year limitation to be applicable the writing must be under seal or "in like respects." We reject this argument.

When faced with an issue of statutory construction, the goal of a court should be to effectuate the intention of the legislature. 1 Pa.C.S. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded...." 1 Pa.C.S. § 1921(b). Here, the words of the statute are clear and free of ambiguity. The statute of limitations for an action based on "a contract, obligation or liability founded upon a writing ... under seal or otherwise" is four years. The words and phrases used in a statute are to be construed according to rules of grammar and in accord with their common and approved usage. 1 Pa.C.S. § 1903(a). The term "otherwise," when used as an adjective is synonymous with "different" or "other." MacMillan Contemporary Dictionary 713 (1979). It seems clear, therefore, that the words "under seal or otherwise" can only mean "under seal or not under seal." It cannot mean under seal or in a manner having the effect of a seal.

Our construction of the statute is supported by prior law and by the circumstances which caused the legislature to enact the Judicial Code. Prior to enactment of the Judicial Code, which became effective on June 27, 1978, the statute of limitations for suits upon instruments not under seal was six years. *Klein v. Reid*, 282 Pa.Super. 332, 334, 422 A.2d 1143, 1144 (1980). See: Act of March 27, 1713, 1 Sm.L. 76, § 1, 12 P.S. § 31 (now repealed). Suits upon instruments under seal were not subject to a period of limitations; rather, there was a presumption of payment after twenty years. *Gordon v. Sanatoga Inn, Inc.*, 429 Pa.Super. 537, 537, 632 A.2d 1352, 1352 (1993). When the Judicial Code was initially enacted, a four year limitation was established for:

(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

(2) Any action subject to 13 Pa.C.S. § 2725 (relating to statutes of limitations in contracts for sale).

(3) An action upon an express contract not founded upon an instrument in writing.

(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5525. A six year limitation, however, was established, inter alia, for actions upon (1) judgments or decrees; (2) contracts, obligations or liabilities founded upon bonds, notes or other written instruments; and (3) official bonds. 42 Pa.C.S. § 5527. Under these provisions, therefore, the statute of limitations applicable to oral contracts, contracts implied in law and contracts of sale was four years; whereas, the period of limitations applicable to written contracts was six years.

This was changed in 1980, when the legislature adopted a twenty year limitation for actions based on contracts under seal. 42 Pa.C.S. § 5529(b). Then, finally, in 1982, the legislature adopted 42 Pa.C.S. § 5525(8) and § 5527 in their present forms. Now the statute of limitations for all written contracts is four years and the statute of limitations for contracts under seal, irrespective of the provisions of 42 Pa.C.S. § 5525, is

twenty years. Thus, the statute of limitations applicable to all actions on contracts not under seal is uniform. The period of limitations is four years.

The interpretation urged by appellee and accepted by the trial court would establish a four year statute of limitations for contracts under seal and a six year statute of limitations for written contracts not under seal. Such an interpretation would be contrary to the history of our system of law in this Commonwealth, which has always recognized a longer period of limitation for contracts under seal. The legislature has given no basis for believing that it intended such an absurd result.

Although the precise issue raised in this appeal has not previously been before the appellate courts, we observe that prior decisions of the Superior and Commonwealth Courts have uniformly applied the statute of limitations consistently with our interpretation. Thus, in *Unisys Finance Corp. v. U.S. Vision, Inc.*, 428 Pa.Super. 107, 630 A.2d 55 (1993), it was held that an agreement to lease equipment was a contract founded on a writing and subject to the statute of limitations at 42 Pa.C.S. § 5525(8). Similarly, in *Horowitz v. Horowitz*, 411 Pa.Super. 21, 600 A.2d 982 (1991), the four year statute of limitations was held applicable to a written separation agreement. In *Storch v. Miller*, 137 Pa.Commw. 325, 585 A.2d 1173 (1991), the Commonwealth Court held that the four year statute of limitations was applicable to a written collective bargaining agreement. See also: *Southeastern Pennsylvania Transportation Authority v. Frankford 5206 Bar, Inc.*, 138 Pa.Commw. 209, 217 n. 3, 587 A.2d 855, 859 n. 3 (1991) (written lease). The federal courts have interpreted the statute similarly. In *Dodge v. Susquehanna University*, 796 F.Supp. 829 (M.D.Pa.1992), the court held that a claim based on a written contract of employment was governed by the four year statute of limitations found at 42 Pa.C.S. § 5525(8); and in *Wheeler v. Nationwide Mutual Ins. Co.*, 749 F.Supp. 660 (E.D.Pa.1990), the court held that an action to recover uninsured motorist benefits pursuant to a written policy of insurance was subject to the four year statute of limitations contained in 42 Pa.C.S. § 5525(8).

For all these reasons, therefore, we conclude that a cause of action for an alleged breach of the written contract in the instant case, which was not under seal, is subject to the four year statute of limitations at 42 Pa.C.S. § 5525(8).

The statute of limitations begins to run on a claim from the time the cause of action accrues. 42 Pa.C.S. § 5502; *Cucchi v. Rollins Protective Services Co.,* 377 Pa.Super. 9, 34, 546 A.2d 1131, 1144 (1988), *rev'd on other grounds,* 524 Pa. 514, 574 A.2d 565 (1990). In general, an action based on contract accrues at the time of breach. *Id.; Sadtler v. Jackson–Cross Co.,* 402 Pa.Super. 492, 499, 587 A.2d 727, 731 (1991). Here, it is not disputed that Presbyterian ceased making payments under the travel agreement on January 13, 1986. This, then, was the date on which the four year period of limitations began to run on Packer's breach of contract claim. After January 13, 1990, the claim was barred. Packer did not commence the present action until November 22, 1991, twenty-two months after the statute had run. Packer's action, therefore, was untimely. It was barred by the statute of limitations at 42 Pa.C.S. § 5525(8).

Reversed and remanded for the entry of judgment in favor of the appellant medical center.