**Action Management Inc. v. Fratello**

C.P. of Dauphin County, no. 743 S 1999.

*Anthony DeLuca,* for plaintiff.
*Mark W. Allshouse,* for defendant.

TURGEON, *J.,* June 2, 2000—The issue before the court is what statute of limitations period applies to a creditor's action to recover a deficiency balance after repossession following the debtor's breach of a motor vehicle installment sales contract, signed under seal. For the reasons set forth below, we find that a four-year statute of limitations period applies and thus grant defendant's motion for judgment on the pleadings.

## FACTS

In November 1987, defendant David Fratello entered into a motor vehicle installment sales contract with a car

dealership wherein defendant borrowed $10,683 to finance the purchase of a 1985 Pontiac Trans Am. The contract required defendant to pay the dealership's assignee, Meridian Bank, $14,090 over 48 months beginning in January 1988. In July 1988, after defendant defaulted on his payments, Meridian repossessed the vehicle which it sold in August 1988. The sale proceeds were applied to the outstanding balance, resulting in a deficiency balance of $8,286. Eleven years later, in February 1999, Meridian's assignee, plaintiff Action Management Inc., commenced this action to recover the deficiency plus interest at 14 percent per annum—or $17,319. Plaintiff asserts in its complaint that the contract was signed under seal.

## LEGAL DISCUSSION

Defendant has filed a motion for judgment on the pleadings, arguing plaintiff's action is barred by a four-year statute of limitations, and not, as plaintiff argues, a 20-year limitations period which applies to contracts signed under seal.[1] Since we agree with defendant, we grant judgment on the pleadings in his favor, since there are no disputed issues of fact and the defendant is entitled to a favorable decision as a matter of law. In ruling on defendant's motion, we have considered only the pleadings and relevant documents. *Vetter v. Fun Footwear Co.,* 447 Pa. Super. 84, 87, 668 A.2d 529, 530-31 (1995).[2]

_____

1. For a discussion of contracts under seal, see John E. Murray Jr., *Murray on Contracts,* §53 (3d ed. 1990).

2. Defendant does dispute that the contract was in fact entered under seal and the contract copy attached to plaintiff's complaint is unsigned. However, for the purpose of resolving defendant's judgment

The statute of limitations for actions on contracts under seal, subject to certain exceptions, is 20 years as set forth in the Judicial Code:

*"Section 5529. Twenty-year limitation . . .*

"(b) Instruments under seal.—

"(1) Notwithstanding section 5525(7) (relating to four-year limitation), an action upon an instrument in writing under seal must be commenced within 20 years." 42 Pa.C.S. §5529(b)(1). See *Packer Society Hill Travel Agency Inc. v. Presbyterian University of Pennsylvania Medical Center,* 430 Pa. Super. 625, 629-30, 635 A.2d 649, 652 (1993).

The statute of limitations for actions on contracts not under seal, subject to certain exceptions, is four years, as set forth in section 2725 of the Pennsylvania Uniform Commercial Code article 2, sales, as well as in Judicial Code section 5525:

*"Section 2725. Statute of limitations in contracts for sale. [UCC]*

"(a) General rule.—An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it."

*"Section 5525. Four-year limitation. [Judicial Code]*

"The following actions and proceedings must be commenced within four years:

"(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

---

on the pleadings motion, we assume that the contract was signed under seal, as plaintiff has alleged in its complaint.

"(2) Any action subject to 13 Pa.C.S. §2725 (relating to statute of limitations in contracts for sale).

"(3) An action upon an express contract not founded upon an instrument in writing.

"(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

"(5) An action upon a judgment or decree of any court of the United States or of any state.

"(6) An action upon any official bond of a public official, officer or employee.

"(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

"(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter." 13 Pa.C.S. §2725 and 42 Pa.C.S. §5525. See *Packer Society, supra.*

In deciding which statute of limitations to apply, we note that the contract upon which plaintiff has brought this action is a hybrid, constituting both a contract for the sale of goods as well as a secured transaction. Defendant argues the deficiency action arises from the sale of goods portion of the contract and is thus subject to UCC article 2's four-year statute of limitations, set forth in section 2725. 13 Pa.C.S. §2725. Plaintiff counters that its action does not involve the sale of goods, since the goods have been eliminated from the picture. Instead, plaintiff argues the action is based upon defendant's loan default which relates directly to the financing aspect of the contract. Ac-

cordingly, plaintiff submits that the Judicial Code's 20-year time limitation involving sealed instruments applies. 42 Pa.C.S. §5529(b)(1).

To the extent plaintiff's deficiency action arises from the sale of goods portion of the contract, we agree with defendant it would be subject to UCC article 2's four-year statute of limitations, set forth in section 2725, 13 Pa.C.S. §2725. Furthermore, the 20-year statute of limitations for sealed instruments would not apply since UCC section 2203 specifically renders seals on contracts for sale of goods inoperative, as follows:

*"Section 2203. Seals inoperative.*

"The affixing of a seal to a writing evidencing a contract for sale or an offer to buy or sell goods does not constitute the writing a sealed instrument and the law with respect to sealed instruments does not apply to such a contract or offer." 13 Pa.C.S. §2203.

We further note that where inconsistencies exist between the Judicial Code's time limitations provisions and those in the UCC, the UCC prevails. 42 Pa.C.S. §5201(b). Therefore, the applicable statute of limitations for an action under a sealed contract for the sale of goods is four years under UCC article 2. 13 Pa.C.S. §2725. See also, 42 Pa.C.S. §5525(2).

We likewise agree with plaintiff that if its deficiency action arises under the secured transaction portion of the contract under seal, the 20-year limitation would apply. 42 Pa.C.S. §5529(b)(1). The starting point in determining the applicable statute of limitations for an action arising from a secured transaction involving an automobile sale is the Pennsylvania Motor Vehicle Sales Financing Act. 69 P.S. §§601-637. The MVSFA governs motor vehicle installment sales contracts, specifically recognizing a seller/holder's right to bring a deficiency ac-

tion. 69 P.S. §627. However, the MVSFA does not include a statute of limitations. UCC article 9, secured transactions, also applies to the security agreement portion of the motor vehicle installment sales contract. 13 Pa.C.S. §9101 et seq. See *Industrial Valley Bank & Trust Co. v. Nash,* 349 Pa. Super. 27, 45, 502 A.2d 1254, 1264 (1985). Article 9 recognizes that the debtor remains liable for the deficiency upon a default and subsequent sale of collateral, but it too contains no statute of limitations. 13 Pa.C.S. §9504(b).

Accordingly, we look to the Judicial Code, which provides a four-year statute of limitations for "action[s] upon a negotiable or nonnegotiable bond, note or other similar instrument in writing." 42 Pa.C.S. §5525(7). This section applies to the secured transaction portion of an installment sales contract. Since the language in this section does not explicitly extend its applicability to sealed instruments (as do sections 5527(1) and (8)), the six-year statute of limitations would be modified by the 20-year period for sealed instruments. 42 Pa.C.S. §5529(b)(1).

Plaintiff, in support of its argument for a 20-year limitations period, has relied solely upon *Beneficial Consumer Discount v. Dailey,* 434 Pa. Super. 636, 644 A.2d 789 (1994), *allocatur denied,* 540 Pa. 48, 655 A.2d 505 (1995). There, the Superior Court applied the 20-year statute of limitations to an action for breach of a consumer loan which had been entered under seal. That case is easily distinguishable, however, since the contract there did not involve a sale of goods, and article 2 was thus irrelevant to the action.

Here, we agree with defendant that article 2 does govern this action and that its four-year statute of limitations applies to this deficiency action. 13 Pa.C.S. §2725. While no Pennsylvania appellate court has addressed this

issue, we are persuaded by a New Jersey Supreme Court decision which applied Pennsylvania law in a case remarkably similar to ours. *Associates Discount Corporation v. Palmer,* 219 A.2d 858 (N.J. 1966).

In *Palmer,* a New Jersey resident purchased a car from a Pennsylvania dealer. The parties entered into a "bailment lease," under seal, which was a combination installment sale contract and security agreement. After the buyer defaulted, the seller's assignee repossessed the vehicle and sold it for less than the loan amount. Seven years later, the assignee initiated a deficiency action. The court dismissed the action, holding that the four-year statute of limitations under article 2 applied, and rejected the argument that a longer statute of limitations for sealed instruments applied. In deciding that the action arose under article 2, and not as a secured transaction under article 9, the court stated as follows:

"[A deficiency] suit is nothing but a simple in personam action for that part of the sales price which remains unpaid after the seller has exhausted his rights under article 9 by selling the collateral; it is an action to enforce the obligation of the buyer to pay the full sale price to the seller, an obligation which is an essential element of all sales and which exists whether or not the sale is accompanied by a security arrangement. Thus, because of the absence of a contrary indication anywhere in the [UCC], a deficiency action must be considered more closely related to the sales aspect of a combination sales-security agreement rather than to its security aspect and be controlled by the four-year limitation in . . . section 2-725." *Id.* at 861.

Further bolstering the court's holding was the article 2 scope provision which states:

*"Section 2102. Scope; certain security and other transactions excluded from division.*

"Unless the context otherwise requires, this division applies to transactions in goods; it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate *only* as a security transaction, . . . ." 13 Pa.C.S. §2102. (emphasis added)

The court noted that transactions which operate *only* as security transactions are excluded from article 2, a point emphasized in the official comments to Pennsylvania UCC section 2102, as follows:

"Since transactions intended to operate 'only' as security transactions are excluded, actual sales are subject to this article of the code, although a security interest is retained by the seller." *Id.* (citing 13 Pa.C.S. §2102, PBA notes (1953).)

*Palmer* has since been relied upon by numerous Pennsylvania common pleas courts—many involving the current plaintiff—all holding that article 2's four-year statute of limitations applies to a creditor's deficiency action following repossession and resale of secured goods. *Action Management Inc. v. Birch,* 20 Lycoming Rep. 377 (1998); *Industrial Valley Bank v. Sharpe,* 15 D.&C.3d 506 (Phila. Cty. 1980); and *Action Management Inc. v. Deleo,* no. SC: 97-09-22-02391 (C.P., Phila. 1997) (as cited in *Action Management Inc. v. Birch*). See also, *Action Management Inc. v. Murphy,* no. 317 of 1999 (C.P., Juniata Nov. 23, 1999) (applying the four-year statute of limitations set forth in Judicial Code section 5525(1) to an action upon a sealed instrument). *Palmer* has also been relied upon for the same proposition in all but one foreign jurisdiction which have considered it. *Scott v Ford Motor Credit,* 691 A.2d 1320 (Md. 1997); *First National*

*Bank v. Chase,* 887 P.2d 1250 (N.M. 1994); *Worrel v. Farmers Bank of Delaware,* 430 A.2d 469 (Del. 1981); *Citizens National Bank v. Farmer,* 395 N.E.2d 1121 (Ill. App. 1979); *Massey-Ferguson Credit Corp. v. Casaulong,* 133 Cal. Rptr. 497 (Cal. App. 1976). See also, 49 ALR5th 1, §16(a), "Causes of Action Governed by Limitations Period in UCC §2-275" (1997). Compare, *National Bank v. Holshouser,* 247 S.E.2d 645 (N.C. App. 1978) (court distinguished itself from *Palmer* based upon North Carolina's legislative intent, which it found to be opposite of Pennsylvania's regarding article 2's scope). Under the great weight of this persuasive authority we hold that the four-year statute of limitations found in article 2 governs.

Accordingly, because plaintiff's action was commenced well beyond the applicable four-year statute of limitations, we enter the following:

## ORDER

And now, June 2, 2000, defendant's motion for judgment on the pleadings is hereby granted and plaintiff's action is dismissed.[3]

---

3. This order does not address defendant's counterclaim for attorney's fees.