J-A12033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF DOLORES M. ZABRESKY, A/K/A DOLORES ZABRESKY, DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MICHAEL ZABRESKY, | |
| | No. 1249 MDA 2013 |

Appeal from the Order entered June 14, 2013,
in the Court of Common Pleas of Luzerne County,
Orphans' Court at No(s): 4008-0864

BEFORE: BOWES, DONOHUE, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED APRIL 30, 2015**

Michael Zabresky, ("Appellant"), appeals from the trial court's order determining that his breach of contract claim against his sister, Kathleen Daskalakes ("Daskalakes"), was barred by the statute of limitations. We affirm.

The trial court set forth the following factual and procedural background regarding this matter:

> This Opinion arises out of a Petition for Citation and Rule to Show Cause Seeking Payments Required by Last Will and Testament and *Inter Vivos* Contract of [Appellant's and Daskalakes' deceased mother, Dolores Zabresky, ("Decedent")] and Injunctive Relief filed by [Appellant] on November 29, 2012 [(hereinafter, Petition")]. [Appellant] claims that [Daskalakes], his sister, agreed to pay him $30,000 as part of a conveyance of real property from [Decedent] to [Daskalakes]. For the following reasons, the Petition is Denied.
>
> In May, 1987, Decedent conveyed her house (the "Property"), located at Pole 98, Harveys Lake, Pennsylvania, to

[Daskalakes]. The Deed, recorded on May 14, 1987, made no mention of any terms or conditions, and there is no evidence of any written contract concerning the transfer of the Property. [Appellant] maintains that this conveyance was part of a valid contract pursuant to which [Daskalakes] promised to pay $30,000 to each of her three siblings. [FN1: Decedent had four children: Ann Tripp, Thomas Zabresky, [Daskalakes], and [Appellant]. Ann Tripp died in 2009.]

At a Hearing before this Court on May 9, 2013, [Appellant] introduced Decedent's Will, which reads, in pertinent part, "[Daskalakes] had verbally agreed to give $30,000 each to Ann Tripp and [Appellant] after my death. She already had paid $30,000 to her brother Thomas. The money is to be paid 60 days after my death."

Additionally, [Appellant] introduced a document signed by Thomas Zabresky, dated January 11, 1990, which states "[i]n consideration of the sum of Thirty Thousand ($30,000.00) and 00/100 Dollars, I, Thomas M. Zabresky, relinquish any claim to the real estate located at Pole 98, Harveys Lake, Pa., the same being the residence of [Decedent]." Thomas Zabresky testified that he received $30,000 as part of a verbal agreement between Decedent and Decedent's four children, pursuant to which [Daskalakes] was to receive the Property and in turn pay $30,000 to each of her siblings. []

Although [Appellant's] claim is largely one of contract law, [Appellant] is the Executor of Decedent's Will, and has framed the action as one to enforce Decedent's will, stating that he is entitled to the money "pursuant to [his mother's] last will and testament." Because there is a substantial question over the disposition of Decedent's estate present in this case, this Court properly exercised its jurisdiction in this matter through its Orphan's Court division.

Trial Court Opinion, 10/27/14, at 1-3 (unnumbered).

On May 9, 2013, following a hearing and oral arguments, the trial court issued an order denying Appellant's petition, which was docketed May 10, 2013. On May 20, 2013, Appellant filed exceptions to the trial court's order, and a brief in support thereof. On June 14, 2013, the trial court

denied Appellant's exceptions. On July 12, 2014, Appellant filed a timely notice of appeal. While the trial court did not direct Appellant to comply with Pa.R.A.P. 1925(b), the trial court, on October 27, 2014, nevertheless issued an opinion which it titled "[Pa.R.A.P.] 1925(a) Opinion in Support of Order."

Appellant presents the following issues for our review:

I. QUESTION: DID THE LOWER COURT ERR AS A MATTER OF LAW IN ITS FINDING THAT "THE ISSUES RAISED ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS"?

II. QUESTION: DID [DASKALAKES] FAIL TO MEET HER BURDEN OF SHOWING BY CLEAR AND CONVINCING EVIDENCE THAT THE STATUTE OF LIMITATIONS HAD EXPIRED, BARRING THE APPELLANT'S INSTANT ACTION?

III. QUESTION: DID THE LOWER COURT ERR IN FINDING THAT SUBSTANTIAL, COMPETENT TESTIMONY WAS PRESENTED AT TRIAL THAT WOULD PERMIT THE COURT TO FIND THAT SUFFICIENT FACTS EXISTED THAT WOULD BAR RECOVERY BECAUSE OF "THE APPLICABLE STATUTE OF LIMITATIONS".

IV. QUESTION: DID THE LOWER COURT ERR IN DISREGARDING THE UNCONTRADICTED TESTIMONY OF [APPELLANT] THAT "IN THE BEGINNING OF 2009 HE FIRST LEARNED THAT [DASKALAKES] DID NOT HONOR THE LAST WILL AND TESTAMENT AND AGREEMENT BETWEEN HER AND THE DECEDENT TO PAY THE SUM OF $30,000.00 TO [APPELLANT]?

Appellant's Brief at 4-5.

Because all of Appellant's issues focus on the trial court's determination that Appellant's action was untimely, we examine Appellant's issues together.

In summarizing his argument, Appellant contends:

The lower Court erred in disregarding the uncontradicted testimony of [Appellant] that "in the beginning of 2009" he first

learned that [Daskalakes] did not honor the Last Will and Testament and agreement between her and the Decedent to pay the sum of $30,000.00 to him.

The lower Court erred in not finding the testimony of [Appellant] and Thomas Zabresky credible and dispositive to the issues in this matter.

The lower Court erred as a matter of law in finding that "the issues raised are barred by the applicable statute of limitations".

The lower Court erred in finding that substantial, competent testimony was presented at trial that would permit the Court to find that sufficient facts existed that would bar recovery because of "the applicable statute of limitations".

Appellant's Brief at 8.

Appellant fails to substantiate his claims of error and his arguments with any citations to jurisprudence beyond cases reiterating our standard of review and setting forth general propositions of law. *See* Appellant's Brief at 9-13. Appellant's failure to develop and substantiate his arguments effects waiver. *See Alexander v. City of Meadville,* 61 A.3d 218, 227 (Pa. Super. 2012) (internal citation omitted). Waiver notwithstanding, Appellant's issues lack merit.

In rebutting Appellant's claims of error, the trial court explained:

It is indisputable that a Will cannot of itself — that is, in the absence of a prior agreement — obligate an individual to transmit money to a third party; to hold otherwise would defy logic. Therefore, the provision of Decedent's will concerning the transmission of money from [Daskalakes] to [Appellant] is at most a memorialization of a prior contract.

In Pennsylvania, "action[s] upon an express contract not founded upon an instrument in writing" are subject to a four-year statute of limitation. 42 Pa.C.S.A. § 5525(a)(3). The

- 4 -

limitation period begins to run, generally, when the contract is breached. Sadtler v. Jackson-Cross Co., 402 Pa. Super. 492, 499 (1991). A statute of limitation may be tolled for various reasons, such as a party's "reasonabl[e] unaware[ness] that he has been injured," but it is "well established that ... mistakes, misunderstandings or lack of knowledge" will not suffice to extend the period for filing under the statute. Fine v. Checcio, 582 Pa. 253, 267 (2005); Nesbitt v. Erie Coach Co., 416 Pa. 89, 93 (1964).

In the present case, there is relatively little evidence that a contract concerning the Property ever existed. If such a contract did exist, however, [Daskalakes] was required to pay $30,000 to [Appellant], at the latest, within 60 days after Decedent's death. Decedent died on October 13, 2007, meaning that payment would have been required by December 12, 2007. [Daskalakes'] failure to pay by that date would have constituted a breach, and therefore any cause of action under such a contract would have accrued on that date, meaning that all such causes of action would need to be brought by December 12, 2011. The instant Petition was not filed until November 29, 2012, and is therefore barred by the applicable statute of limitation.

Although [Appellant] testified that he did not realize until "the beginning of 2009" that [Daskalakes] was not planning on paying him, there is no allegation of, or anything in the record to support, any finding of fraud, concealment or deceit of the kind that would estop [Daskalakes] from asserting a limitation defense or otherwise toll the running of the statute. Rather, [Appellant] testified that the reason he did not bring the action until November 2012 was that he had expected the attorney who originally probated Decedent's will to bring the action, and he did not discover until later that the attorney had not done so.

This seems the sort of "mistake, misunderstanding or lack of knowledge" that does not toll the running of a statute of limitation. Nor can any claim be made that [Appellant] did not "discover" the breach until 2009; indeed, as both a party to the purported contract and the Executor of Decedent's Estate, [Appellant] was in position to know exactly when payment was required.

[T]his Court finds that the latest possible date a contractual action could have accrued in the present case is December 12, 2007, and because the present Petition was not

filed until November 29, 2012, the claim is barred by the four-year limitation on contract actions under 20 Pa.C.S.A. § 5525. For the foregoing reasons, the Petition is Denied.

Trial Court Opinion, 10/27/14, at 3-4 (unnumbered).

Based on our review of the record and prevailing jurisprudence, we agree with the trial court. We have expressed:

Absent issues pertaining to the discovery rule, "[w]hether the statute of limitations has run on a claim is generally a question of law for the trial judge." *Devine v. Hutt,* 863 A.2d 1160, 1167 (Pa. Super. 2004). Which statute of limitations applies to a cause of action is also a matter of law for the court to determine. *Packer Soc. Hill Travel Agency, Inc. v. Presbyterian University of Pennsylvania Medical Center,* 430 Pa.Super. 625, 635 A.2d 649, 651 (1993). Additionally, the interpretation and "application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." *Commonwealth v. Williams,* 871 A.2d 254, 262 (Pa. Super. 2005); *Weiner v. Fisher,* 871 A.2d 1283, 1285 (Pa. Super. 2005).

*Wilson v. Transport Ins. Co.,* 889 A.2d 563, 570 (Pa. Super. 2005). As to the discovery rule, we have explained:

If by diligence a fact can be ascertained the want of knowledge so caused is no excuse for a stale claim. **The test is not what the plaintiff knows, 'but what he might have known, by the use of the means of information within his reach, with the vigilance the law requires of him.'**

*Patton v. Com. Trust Co.,* 119 A. 834, 836 (Pa. 1923) (internal citation omitted) (emphasis supplied). Significantly, the Supreme Court in *Patton* expressed that "[k]nowledge of facts which would put a person of ordinary prudence and diligence on inquiry is, in the eyes of the law, equivalent to a

knowledge of all the facts which a reasonably diligent inquiry would disclose." ***Id.*** (internal citation omitted).

Here, the trial court properly determined that Appellant's breach of contract claim is governed by a four-year statute of limitations. ***See*** 42 Pa.C.S. § 5525(a)(3). Limitations periods are meant to "expedite litigation and thus discourage delay" because the "presentation of stale claims … may greatly prejudice the defense of such claims." ***Wachovia Bank, N.A. v. Ferretti,*** 935 A.2d 565, 575 (Pa. Super. 2007) (internal citation omitted). Indeed, "Pennsylvania law favors strict application of the statutes of limitation." ***Id.*** at 572 (internal citation omitted). Accordingly, we have "held that statutes of limitation are to be strictly construed." ***Id.*** at 575. While Appellant contends that he was unaware of the breach until 2009, "[i]n determining whether the rights claimed should have been more promptly asserted, [a] plaintiff is chargeable not only with what he knew but also with what he could have discovered with reasonable diligence." ***Turtzo v. Boyer***, 88 A.2d 884, 885-886 (Pa. 1952). "Mere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the statute." ***Schaffer v. Larzelere,*** 189 A.2d 267, 269 (Pa. 1963).

It is undisputed in this case that the decedent's will, which Appellant as executor submitted to probate in May 2008 (*see* Appellant's Brief at 6), referenced Daskalakes' prior verbal agreement to pay monies to Appellant, and a requirement that Daskalakes remit the $30,000 sixty days following the decedent's death. Even if we disregard the fact that Appellant failed to

bring a breach of contract claim within four years of Daskalakes' failure to pay him the $30,000 following the 1987 deed transaction, we cannot ignore Appellant's continued failure to act for more than four years following decedent's 2007 death. The trial court therefore did not err in finding that Appellant's 2012 breach of contract claim was untimely. ***See In re Estate of Fritts,*** 906 A.2d 601, 606 (Pa. Super. 2006) (internal citations omitted) ("If the [trial] court's findings are properly supported, we may reverse its decision only if the rules of law on which it relied are palpably wrong or clearly inapplicable."); ***see also In re Estate of Kessler,*** 615 A.2d 65, 66-67 (Pa. Super. 1992) (internal citations omitted) ("Our role in reviewing [findings from the Orphans' Court] is to determine whether the record is free from legal error and whether the findings of the Orphans' Court are supported by competent and sufficient evidence and 'are not predicated upon capricious disbelief of competent and credible evidence.' The findings of an Orphans' Court judge who heard the testimony of witnesses are to be given the same weight as a jury verdict, particularly when those findings are based on determinations of credibility.").

Based on the foregoing, we further reject Appellant's challenge regarding the sufficiency of the record supporting the trial court's determination that Appellant's action is time barred, and Appellant's argument that the trial court erroneously disregarded Appellant's testimony that he was unaware of Daskalakes' breach until 2009. Our position is consonant with the well-settled principle that "it [was] within the province of

the [trial court as the fact finder] to assess the worth of the testimony, which it may then accept or reject.  We agree that the [fact finder] is free to believe all, some or none of the testimony presented by a witness." ***Neison v. Heimes,*** 653 A.2d 634, 636-37 (Pa. 1995) (internal citations omitted). We also recognize that "the [fact finder is] not obligated to accept" the evidence submitted by a party.  ***Commonwealth v. Boczkowski,*** 846 A.2d 75, 82 (Pa. Super. 2004) (internal citations omitted).

In sum, we agree with the trial court's conclusion that Appellant's action was untimely, and thus affirm the order determining that Appellant's breach of contract claim was barred by the statute of limitations.

Order affirmed.

Judge Donohue joins the Memorandum.

Judge Bowes concurs in the result.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/30/2015