J-A16027-16

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| METAL BUILDING DIRECT, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RENNINGER CONSTRUCTION, INC. | |
| Appellee | No. 1214 WDA 2015 |

Appeal from the Order July 10, 2015
In the Court of Common Pleas of Beaver County
Civil Division at No(s): 10948-2014

BEFORE:  SHOGAN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 05, 2016**

Appellant, Metal Buildings Direct, Inc. (MBD), appeals from an order entered on July 10, 2015 in the Civil Division of the Court of Common Pleas of Beaver County that granted a motion for judgment on the pleadings in favor of Renninger Construction, Inc. (Renninger).  After careful review, we vacate and remand.

Based upon our review of the trial court's opinion, MBD's complaint (and attachments thereto), Renninger's answer and new matter, and MBD's reply to Renninger's new matter, we summarize the facts as follows:

> [MBD is a Pennsylvania corporation with offices located in Beaver County.  Renninger is a Pennsylvania corporation with offices located in Erie County.  Larry Renninger, the owner of MBD, previously owned and operated Renninger and sold it to the present owners.]
>
> [MBD initiated this breach of contract action against Renninger by filing a writ of summons on June 23, 2014.  In its complaint

*Retired Senior Judge assigned to the Superior Court.

filed on September 10, 2014, MBD sought payment for services allegedly provided to Renninger in 2010.] MBD [claimed] that beginning in 2009 and continuing into 2010, it provided services to Renninger by allowing Renninger to use its employees to perform work on various gas compressor construction projects. The alleged contract for these services was a verbal agreement between the two companies. MBD claim[ed] there was an ongoing arrangement between the companies, where the parties shared labor on an occasional basis. MBD charged Renninger for the services of its employees associated with a project in Washington County, Pennsylvania, by sending invoices dated May 15, 2010 through June 12, 2010. All of the invoices had payment terms [stating] "Payable Upon Receipt." The invoice from May 15, 2010 also had a hand written note on it that asked for the payment to be made "ASAP."[1] The total amount of the invoices was $60,288.80. [MBD Complaint, 9/10/14, Attachments 1-5.]

In its [a]nswer and [n]ew matter, Renninger admit[ed] that MBD provided labor on the Washington County project, but den[ied] that the invoices reflect the fair market value for the services. [Renninger Answer and New Matter, 10/3/14, at 1 ¶ 5.] Renninger also denie[d] that the parties ever agreed to specific terms and conditions for the labor, including the rate of $44.25 per hour. [*Id.* at 1,2, and 4 ¶¶ 3, 5-9, and 19.] Renninger has pled that these were general laborers, and the fair market value for their services was $10.00 per hour. [*Id.* at 4 ¶¶ 17 and 20. Renninger also denied that the invoices accurately reflected the parties' agreement and course of dealing. *Id.* at 2 ¶¶ 7-9.]

Because of the dispute over the cost of these services, Renninger did not pay the invoices. Three years later, on April 19, 2013, MBD's counsel sent a letter to Renninger seeking payment. [MBD Complaint, 9/10/14, Attachment 6.] A week later, Renninger's counsel responded [by] asking for more information, but did not affirm the bill or promise to pay the 2010 invoices. [*Id.* at Attachment 7.]

---

[1] The term "ASAP" is an acronym that commonly stands for "as soon as possible."

[Renninger moved for judgment on the pleadings on 11/21/14, arguing that the applicable four-year statute of limitations barred MBD's breach of contract action. Renninger advanced two claims in support of its motion. First, Renninger alleged that the limitations period began to run on the date of the last invoice (*i.e.*, June 12, 2010) and, therefore, it expired on June 12, 2014. Renninger also argued that nothing tolled the limitations period because Renninger neither promised to make payments or acknowledged the debt. In response, MBD argued that nothing triggered the limitations period until April 19, 2013, when counsel for MBD forwarded a letter to Renninger demanding payment for the 2010 invoices. The trial court determined that the invoices sent by MBD to Renninger constituted separate, unambiguous written agreements between the parties providing that payment was due upon receipt. Since Renninger's receipt of the invoices occurred "a couple of days after June 12, 2010," the court concluded that the four-year limitations period barred the filing of MBD's writ of summons on June 23, 2014. This appeal followed.[2]]

Trial Court Opinion, 7/10/15, at 1-3.

MBD raises the following issues for our consideration.

Whether the [trial] court erred in failing to find that the parties entered into a continuing contract, and in failing to find that no evidence exists in the record that the contractual relationship was terminated prior to April 19, 2013?

Whether the [trial] court erred in finding as a matter of fact that the invoices were actually mailed by [MBD] on the day that each was dated, and erred in finding that at most the mail would have taken [one to three] days from Beaver County to Erie County?

Whether the [trial] court erred as a matter of law in finding that the statute of limitations began to run on the date of each invoice rather than on the demand for payment?

MBD's Brief at 8.

_____

[2] Both MBD and the trial court have complied with Pa.R.A.P. 1925.

MBD's claims each challenge the order granting Renninger's motion for judgment on the pleadings. Because these issues are closely related, we address them in a single discussion.

Here, the court reviewed the pleadings, including the invoices attached to MBD's complaint. The court reasoned that each invoice constituted a separate, unambiguous contract because each invoice stated it was payable upon receipt. The date appearing on the final receipt MBD forwarded to Renninger was June 12, 2010. Allowing a few days for delivery, the court held that the four-year limitations period applicable to breach of contract actions, *see* 42 Pa.C.S.A. § 5525(a), barred MBD's writ of summons filed on June 23, 2014.

In a breach of contract action, the limitations period begins to run on the date an action accrues, *i.e.* the date of the breach. *Packer Soc. Hill Travel Agency, Inc. v. Presbyterian Univ. of Pa. Med. Center*, 635 A.2d 649, 652 (Pa. Super. 1993). Our task here is to determine whether the trial court correctly concluded, based on the pleadings, that Renninger breached the parties' agreement and triggered the limitations period when it failed to make payment upon receipt of MBD's June 12, 2010 invoice. For the reasons that follow, we hold that Renninger is not entitled to judgment.

We begin by noting our well-settled standard of review for judgment on the pleadings.

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Rourke v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 116 A.3d 87, 92 (Pa. Super. 2015), *quoting* *Sw. Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 185 (Pa. Super. 2013) (citation omitted), *appeal denied*, 96 A.3d 1029 (Pa. 2014).

MBD argues that the trial court erred in granting Renninger's motion for judgment on the pleadings because the parties entered a continuing agreement. According to MBD, the parties' contractual arrangement encompassed the mutual provision of labor for various construction projects. MBD further alleges that the parties' practice was to set-off sums owed as a result of supplying labor for the various projects. MBD argues that this was

done on an ongoing basis and that there was no fixed time for payment or for the termination of the contractual relationship.

> In cases of a written contract, the intent of the parties is the writing itself. If left undefined, the words of a contract are to be given their ordinary meaning. When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself. When, however, an ambiguity exists, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is patent, created by the language of the instrument, or latent, created by extrinsic or collateral circumstances. A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. While unambiguous contracts are interpreted by the court as a matter of law, ambiguous writings are interpreted by the finder of fact.... [T]he question of whether a contract is ambiguous is a question of law. Our standard of review over [this question] is *de novo* and to the extent necessary, the scope of our review is plenary as this court may review the entire record in making its decision.

***Nissley v. Candytown Motorcycle Club, Inc.***, 913 A.2d 887, 890 (Pa. Super. 2006), *citing* **Kripp v. Kripp**, 849 A.2d 1159, 1163–1164 & n.5 (Pa. 2004) (citations omitted).

The trial court's decision here rested upon the conclusion that the MBD invoices constituted separate, unambiguous contracts since each provided it was payable upon receipt. Because the final invoice forwarded by MBD was dated June 12, 2010, the four-year statute of limitations barred MBD's writ of summons filed on June 23, 2014. Our review of Renninger's answer reveals that in three separate paragraphs, the defendant denied that "the invoices accurately reflect[ed] the parties' agreement and course of dealing." Renninger's Answer and New Matter, 10/3/14, at 2 ¶¶ 7-9. Renninger's

denial injected an ambiguity into the terms of the parties' written agreement, which required resolution by the fact finder. As such, Renninger's right to relief was not free from doubt and the trial court erred in granting judgment on the pleadings in its favor. Accordingly, we are constrained to vacate the court's order and remand this matter for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016